IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-02098-WDM-PAC

JEAN ANN NOLTE BRAUN,

      Plaintiff,

v.

MEINHOLD, STAWIARSKI, SHAPIRO & CODILIS, L.L.P.; Duns 183810683 & Duns
131357068; WASHINGTON MUTUAL; DON H. MEINHOLD, Esq.; LEO E. STAWIARSKI,
Esq.; MR. SHAPIRO, Esq.; ERNEST J. CODILIS, Jr., Esq.; HOLLY L. DECKER, Esq.;
TONI M.N. DALE, Esq.; LYNN M. JANEWAY, Esq.; KERRY A CAMPBELL, Parlegal; and
MARK SYNAN, Paralegal; 20 John Does and Jane Does As May Be Discovered,

      Defendants.

_____

ORDER and RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Patricia A. Coan, United States Magistrate Judge

      This matter is before me on several motions.  They include a Motion to Dismiss for

Failure to Serve, filed by defendants Mr. Shapiro, Ernest E. Codilis, Jr., Toni M.N. Dale,

Lynn Janeway, Kerry A. Campbell, and Mark Synan on April 20, 2005 [doc. # 60], and a

Motion for Summary Judgment, filed by defendants Meinhold, Stawiarski, Shapiro &

Codilis, L.L.P. (MSSC), Don H. Meinhold, and Leo E. Stawiarski on April 20, 2005 [doc.

# 55].  Plaintiff filed a Second Motion to Compel [doc. # 124], along with a Motion for

Extension of Time and Stay of Proceedings [doc. 125] on October 20, 2005.  Plaintiff has

also filed a Motion for FED.R.CIV.P. 60(b) Relief on October 25, 2005 [doc. # 128], a

Verified Motion to Set Aside the Scheduling Order [doc. #130] and a Verified Motion for

Correction of Record [doc. # 131] (both of these were filed on October 31, 2005).  An

Order of Reference under 28 U.S.C. §636(b)(1)(A) and (B) referred this case to the undersigned magistrate judge on March 5, 2004, to conduct pretrial proceedings and to issue recommendations for rulings on dispositive motions.   The motions are fully briefed and the court has determined that oral argument would not be of material assistance.

Plaintiff, proceeding *pro se*, sues defendants for violation of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692, *et seq.*   Plaintiff asserts state law claims under the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. (C.R.S.) §12-14-101, *et seq.*, and also seeks damages under the Colorado Uniform Consumer Credit Code, C.R.S. §5-1-101, *et seq.*

I. Motion to Dismiss for Failure to Serve

On June 1, 2004, I entered a Recommendation to quash service of process on defendants MSSC, Washington Mutual, Mr. Shapiro, Ernest E. Codilis, Jr., Toni M.N. Dale, Lynn Janeway, Kerry A. Campbell, and Mark Synan.  That Recommendation was adopted by Judge Miller on February 8, 2005, and he ordered plaintiff to effect proper service on the defendants by March 4, 2005.  On March 10, 2005, plaintiff filed an affidavit of service with executed returns of service on MSSC and Washington Mutual.  Plaintiff has not filed any returns of service as to any other defendants since Judge Miller entered his February 8, 2005 order, nor has she sought any additional time to serve the defendants.  When a plaintiff fails to serve a defendant within the 120-day period, the district court "shall dismiss the action without prejudice or direct that service be effected within a specified time."  See *Espinoza v. U.S.*, 52 F.3d 838, 841 (10th Cir. 1995) (quoting FED.R.CIV.P. 4(m)).  Plaintiff had a previous opportunity to effect service on these defendants and did not serve them.

2

In her response to the motion, plaintiff raises the issue of joint and several liability of partners of professional service corporations, citing COLO.R.CIV.P. 265. That rule does not apply to these proceedings, and it has no bearing on the issue of whether plaintiff has effected service on Mr. Shapiro, Ernest E. Codilis, Jr., Toni M.N. Dale, Lynn Janeway, Kerry A. Campbell, and Mark Synan. To date, plaintiff has not filed returns of service for these defendants, nor has she made a request for an extension of time to attempt to effect service or any showing of good cause for her failure to serve them. I conclude that dismissal of plaintiff's action against defendants Mr. Shapiro, Ernest E. Codilis, Jr., Toni M.N. Dale, Lynn Janeway, Kerry A. Campbell, and Mark Synan is appropriate under FED.R.CIV.P. 4(m), and recommend that the Motion to Dismiss for Failure to Serve be granted.

II. Defendants' Motion for Summary Judgment

As plaintiff is proceeding *pro se,* her pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A *pro se* litigant should be given a reasonable opportunity to remedy defects in her pleadings if her factual allegations are close to stating a claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted." *Id.* The court will not construct legal theories which assume facts that have not been pleaded, *see Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), nor is the court obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

3

An important function of summary judgment is to eliminate factually unsupported claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* at 323. "We consider the 'factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Rohrbaugh v. Celotex Corp.*, 53 F.3d at 1182-83 (quoting *Blue Circle Cement, Inc. v. Bd. of County Comm'rs.*, 27 F.3d 1499, 1503 (10th Cir.1994)); see also FED.R.CIV.P. 56(c). "Summary judgment is appropriate if the non-moving party cannot adduce probative evidence on an element of its claim upon which it bears the burden of proof." *Rohrbaugh*, 53 F.3d at 1183.

In determining whether a genuine issue of material fact exists, I view the evidence in the light most favorable to the non-movant. *Brown v. New Mexico State Personnel Office*, 399 F.3d 1248, 1253 (10th Cir. 2005); *Kingsford v. Salt Lake City Sch. Dist.*, 247 F.3d 1123, 1128 (10th Cir.2001). "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir.1997).

Defendants move for summary judgment on plaintiff's claims on four general grounds: the statute of limitations bars her claims; plaintiff is not the real party in interest to assert the claims; plaintiff cannot establish a prima facie case for her claims under the FDCPA, CFDCPA, or Colorado Consumer Credit Code; and plaintiff is not entitled to either the damages or equitable relief she seeks. As exhibits in support of their motion for

summary judgment, defendants have filed the affidavit of Don Meinhold; a copy of the June 21, 2002 dun letter which MSSC sent to plaintiff; and a copy of the trust instrument creating the J.C.J. Sun Trust with the quitclaim deed in which plaintiff transferred her interest in her home to the J.C.J. Sun Trust.

Plaintiff's claims are set forth in her complaint at 5-6.  They arise out of foreclosure proceedings which were instituted in June, 2002 on her family home.  She claims that defendant MSSC, as a debt collector within the meaning of the FDCPA, the Colorado FDCPA, and the Colorado Uniform Consumer Credit Code, and acting for the creditor, defendant Washington Mutual, violated provisions of the federal and state statutes.  She alleges ten separate claims.  None of these claims contains any reference to specific dates or documents.  Plaintiff alleges claims against "defendants" for: (1) violation of 15 U.S.C. § 1692d, for harassing and oppressing conduct by filing a false foreclosure after the property (plaintiff's family home) had already been sold; (2) violation of § 1692e(2)(A) and (B) for false and misleading representations with regard to the legal status of the debt and the compensation for services rendered by the debt collector for collection of the debt;  (3) violation of § 1692e(8) for communication of false credit information to third parties; (4) violation of § 1692e(9) for falsely representing documents; (5) violation of § 1692e(10)  for false representation to collect or attempt to collect a debt from plaintiff; (6) violation of § 1692e(13)  for false representation that documents are legal process; (7) violation of § 1692g by threat of foreclosure during the debt validation request period; (8) violation of § 1692g(b) by failure to provide validation of the debt and continuing their debt collection efforts after plaintiff had disputed the debt; (9) violation of § 1692j for furnishing

deceptive forms to the plaintiff; and (10) for defendants' attempt to collect a debt that had already been paid (no statutory section cited).  See plaintiff's complaint at 5-6.  I now consider the plaintiff's claims in light of the pending motion for summary judgment.

Congress enacted the FDCPA to combat "abusive, deceptive and unfair debt collection practices." 15 U.S.C. § 1692(a).  The express purpose of the statute is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.* § 1692(e).  "Because the FDCPA ... is a remedial statute, it should be construed liberally in favor of the consumer."  *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) (citations omitted).  I now turn to the arguments presented in the motion for summary judgment.

A. Statute of Limitations

The statute of limitations for FDCPA claims is found in 15 U.S.C. § 1692k(d). The heading for this subsection is "Jurisdiction." It states, in its entirety: "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." *Johnson*, 305 F.3d at 1113.  The Colorado Act (CFDCPA) at  C.R.S. § 12-14-101, is patterned on the federal FDCPA.  *See Commercial Serv. of Perry, Inc. v. Fitzgerald*, 856 P.2d 58, 60 (Colo. App. 1993).  The CFDCPA contains language nearly identical to that in the federal statute, but uses the term "collection agency" rather than "debt collector."

6

The Colorado statute requires filing of suit within one year from the date on which the violation occurs.   C.R.S. §12-14-113(4).

Plaintiff filed her complaint on October 22, 2003.   According to the factual allegations in her complaint at 3, plaintiff first became aware of the foreclosure proceedings initiated by MSSC on behalf of Washington Mutual on July 1, 2002, when she opened the written notice dated June 21, 2002 (the dun letter) which she received from MSSC.   On July 16, she made a formal request for validation of the debt under the FDCPA, and  MSSC sent a reinstatement/cure statement to her on July 26, 2002.  She further states that on October 21, 2002, the property was sold to the second mortgage holder, Cliff Nolte (plaintiff's father) (complaint at 4).  At 5 of her complaint, plaintiff states that MSSC filed a "Notice of Election and Demand for Sale by Public Trustee on October 23, 2002, and that a "Notice of Hearing" on the foreclosure on the deed of trust was sent to her on October 28, 2002.  It is apparent that all of plaintiff's claims in her complaint which may have arisen prior to October 22, 2002 are time-barred and she may not now assert them.  She alleges in her complaint that the property was purchased by her father, Cliff Nolte, on October 21, 2002.  Plaintiff concedes that her FDCPA and CFDCPA claims may be time-barred (plaintiff's Response to Defendants' Motion for Summary Judgment at 2) but asserts that "the same violations . . . are actionable under several other statutes and law that are not time barred."  *Id*. at 2-3.  Here she refers to theft by deception, misrepresentation, real property laws, and other bases for her claims, but plaintiff has not alleged any such claims in her complaint.

Plaintiff's claims under the FDCPA and the CFDCPA are time-barred.  Plaintiff has

not set forth any other legal grounds for her claims.  She was allowed the opportunity to amend her complaint, but declined to do so.[1]  I conclude that all of plaintiff's claims are time-barred under the applicable statutes of limitations for the FDCPA and the CFDCPA.

B. Whether Plaintiff Is the Real Party in Interest

The procedural rule relating to the identification of who is a proper plaintiff is FED.R.CIV.P. 17(a), which provides: "[e]very action shall be prosecuted in the name of the real party in interest."  Based on the trust document, the validity of which plaintiff does not dispute, plaintiff transferred all of her interest in the property (her family home) to the J.C.J. Sun Trust on August 20, 2002 (the date of execution and recordation).  Rule 17 governs both the determination of a party's capacity to sue and be sued and his or her status as the real party in interest. The "real party in interest" principle requires that an action "be brought in the name of the party who possesses the substantive right being asserted under the applicable law." 6A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1541 at 321 (2d ed.1990) (hereafter FED. PRACTICE & PROCEDURE).  Capacity, by contrast, refers to "a party's personal right to litigate in a federal court." *Id.* § 1542, at 327.

Plaintiff transferred any and all of her rights to the property (her family home) to the J.C.J. Trust, which was created on August 20, 2002, for the benefit of plaintiff's minor children and her then-minor stepchild.  See defendants' Motion for Summary Judgment, exh. A-3.  Plaintiff has also stated that her father purchased the property on October 21,

---

[1]Plaintiff was allowed an extension of time (beyond the deadline set forth in the scheduling order) until July 11, 2005.  That extension was granted over the defendants' objections.  See defendants' (excluding Washington Mutual) Motion for Clarification, filed July 7, 2005 [doc. # 92].

2002. To the extent that plaintiff asserts claims which accrued after either of these dates (and to the extent they are not already time-barred), I must conclude that plaintiff cannot be the real party in interest in relation to any claims brought after August 20, 2002.

Plaintiff states that "the trust is no longer a viable entity." Plaintiff's Response Brief, ¶5 at 4. In some circumstances, Rule 17(a) requires the district court to grant leave to substitute or join the real party in interest prior to dismissing an action for failure to name the real party in interest. I conclude that any attempt by plaintiff to join the real party in interest would be futile because the trust is by plaintiff's own assertion a defunct entity, and any FDCPA and CFDCPA claims would be time-barred.

C. Plaintiff's Ability to Establish Prima Facie Case

The requirements of a dun letter delivered to the consumer are set forth in § 1692g of the FDCPA. It provides:

§ 1692g. Validation of debts
(a) Notice of debt; contents: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
(b) Disputed debts: If the consumer notifies the debt collector in writing within the

thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

(c) Admission of liability: The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

It is not enough that the dun letter state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it. *Bartlett v. Heibl*, 128 F.3d 497, 500-01 (7th Cir.1997); *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir.1997); *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir.1991). Otherwise the collection agency could write the letter in Hittite and have a secure defense. *Chuway v. Nat. Action Fin. Servs., Inc.*, 362 F.2d 944, 948 (7th Cir. 2004). A copy of the letter sent to plaintiff is presented as exhibit A-2 to defendants' motion for summary judgment. It contains the required information as set forth in the statute.

Plaintiff has offered no support for a claim that the letter was confusing, and she did request validation of the amount claimed in the dun letter. She offers no factual support for her claim that defendants violated 15 U.S.C. § 1692e(2)(A) or (B), that the defendants falsely represented the character, amount or legal status of the debt or services rendered or compensation which was received by defendants for the collection of the debt.

In his affidavit, Don Meinhold states that the validation of the debt, made after plaintiff requested validation on July 16, 2002, provided her with a copy of the deed of trust

and assignments, along with a payment history and a reinstatement/cure statement.[2] Meinhold states that plaintiff again (on September 6, 2002, and later dates that month) requested validation of the debt, and that during the following month, October, plaintiff was attempting to sell her home (Meinhold affid. ¶¶ 8, 11, 12 at 3-4 ).  Unaware of the closing date,  MSSC filed foreclosure proceedings with the Public Trustee of Jefferson County, Colorado.  *Id.*  On October 31, 2002, MSSC was informed by Washington Mutual that the loan had been paid off and that MSSC could close its file.   *Id.*, ¶13 at 5.  At some time after that date, MSSC learned of the J.C.J. Sun Trust, to which plaintiff had transferred her interest in the property, and the trust's sale to plaintiff's father, Cliff Nolte, who paid off the note to Washington Mutual.  Id., ¶15 at 5.

Plaintiff offers nothing beyond unsupported arguments, conclusory statements, and factual disputes which are not material to the claims or issues in this action in an unsuccessful attempt to dispute the matters in the Meinhold affidavit.  These are not sufficient to withstand a well-supported motion for summary judgment.  Once the movant demonstrates no genuine issue of material fact, the nonmovant is given "wide berth to prove a factual controversy exists." *Jeffries v. Kansas, Dep't of Soc. & Rehab. Servs.,* 147 F.3d 1220, 1228 (10th Cir.1998) (quotation omitted).  Unsupported conclusory allegations, however, do not create an issue of fact. *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir.2004).

---

[2]Plaintiff's response brief to defendants' motion for summary judgment, under the heading "Specific Material Facts At Issue" (at 4-13), contains many references to disputed amounts in plaintiff's "payment statement" from Washington Mutual, dated May 23, 2002 (at 6), along with plaintiff's assertion that Washington Mutual was not the "owner of the evidence of debt" (¶7 at 8).

D. Colorado Consumer Credit Code and Claims for Damages

Plaintiff cannot state a claim under the Colorado Consumer Credit Code because the definition of "consumer loan" as contemplated by that statute does not include "a loan primarily secured by an interest in land" such as her home mortgage loan. *Empire Sav., Bldg. & Loan Ass'n v. Otero Sav. & Loan*, 640 P.2d 1151, 1154 (Colo. 1982). Her claim for damages under that statute must fail, and because her claims under the FDCPA and CFDCPA are time-barred, those damage claims likewise fail.

I conclude that plaintiff has failed to come forward with any material facts sufficient to prove the existence of a controversy. As a result, I conclude that defendants' motion for summary judgment is properly founded and recommend that it should be granted.

III. Claims Against Duns and John and Jane Does

I also recommend, *sua sponte*, to dismiss claims, to the extent any are made, against the defendants listed as "Duns 183810683 & Duns 131357068," and "20 John Does and Jane Does As May Be Discovered." It is not known what the Duns numbers refer to, but I conclude that they are not persons who are capable of being served with process in this proceeding, and recommend they be dismissed as named defendants. With regard to the naming of the fictitious "Does" as defendants, it is not clear whose identities the plaintiff might have intended to discover at some later date because she refers in her claims only to "defendants" collectively. Here, any substitution of named defendants for the original unknown "John Doe" defendants would amount to adding a new

party.  See *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1389 (10th Cir.1984).[3]   Thus, all

requirements of Rule 15(c)(3) must be met in order for plaintiff's amended pleadings to

relate back to the date of the original.   *Alexander v. Beech Aircraft Corp.*, 952 F.2d 1215,

1226-27 (10th Cir.1991).  As set forth above, the statute of limitations has run on plaintiff's

claims against the defendants, and there is no indication that the same conclusion would

not be reached with the defendants named only as "John and Jane Does."  Plaintiff has

also made no attempt to identify or serve these fictitious defendants within the period

provided in Rule 4(m).  I recommend dismissal of the John Doe defendants on the ground

of futility, because the requirements of Rule 15(c)(3) cannot be satisfied here.  This is

because, as a matter of law, a plaintiff's lack of knowledge of the intended defendants'

identities is not a "mistake concerning the identity of the proper party" within the meaning

of Rule 15(c)(3)(B) which would otherwise permit amendment.

IV. Plaintiff's Rule 60(b) Motions

On October 25, 2005, plaintiff filed a Motion to Set Aside or Void Scheduling Order

[doc. # 128].  She seeks relief under Rule 60(b) in the two motions she filed on October

28, 2005 [docs. ## 130, 131].

From a broad reading of  document # 128, plaintiff seeks to set aside the scheduling

order entered in this case on April 25, 2005 (entered by the docket clerk on April 26,

2005).  She states that the scheduling order contains false material facts, "statements

---

[3]*See also Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir.1999) (per curiam) ("[I]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued" (internal quotation marks omitted)).

altered after the order was signed," and that the order "was known to be false at the time of inception, signing and filing."  Plaintiff's motion ¶1 at 1.  Plaintiff moves the court pursuant to Rule 60(b) to remove her signature from the scheduling order on the grounds that she signed it under stress, duress, and undue influence.  Plaintiff's motion ¶ 5 at 2. She refers in general terms to a conspiracy to commit fraud (¶ 7) and to the "alteration of court documents." *Id.*  Plaintiff also refers to "minute orders" 63 and 64.  According to the docket sheet in this action, document 63 is the scheduling order, and there is no document 64 on the list of docketed entries in this case.  It is not clear what relief plaintiff seeks apart from the striking of her signature from the scheduling order.

Plaintiff's two additional motions, both filed October 28, 2005, [docs. ## 130 and 131] allege similar facts, with the added allegation that the undersigned U.S. Magistrate Judge lacks the authority to enter orders in this case because the parties have not consented to the exercise of jurisdiction by a U.S. Magistrate Judge.  I agree with plaintiff that I lack consent jurisdiction in this matter pursuant to 28 U.S.C. § 636(c), however, that section is not the source of my authority to enter orders in this action.  The source of my authority in this matter is set forth in the Order of Reference to Magistrate Judge, signed by Judge Miller on March 4, 2004, which specifies that I am designated to conduct proceedings listed in the Order of Reference pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and FED.R.CIV.P. 72(a) and (b).  Accordingly, consent of the parties is not required.

Plaintiff filed her motions seeking relief from the scheduling order six months after she signed the scheduling order in open court.  While FED.R.CIV.P. 60(b) does not contain an express time limit except that (with the exception of a motion attacking a judgment as

14

void) the motion must be made within a reasonable time (11 FED. PRACTICE & PROCEDURE § 2866 at 383 (2d ed. 1995)), I must conclude that the motion is neither timely nor based on grounds upon which relief is appropriate.  Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990).  I recommend the three motions filed by plaintiff under Rule 60(b) be denied.

V. Plaintiff's Second Motion to Compel and Motion for Extension of Time

Plaintiff filed her second Motion to Compel on October 20, 2005 [doc. #124].  In this motion, plaintiff seeks "mandatory disclosures" of an unspecified nature from the defendants (except to the extent that she complains that Washington Mutual has not filed its FED.R.CIV.P. 7.1 statement, which it filed on November 7, 2005).  The scope of relief plaintiff seeks is overly broad and otherwise inappropriate.  Plaintiff raises again the request for production she previously raised in her motion to compel filed June 20, 2005, which was stricken at hearing on July 20, 2005.  At that time I stated that, pursuant to FED.R.CIV.P. 5(a), discovery requests should not be filed with the court.  Defendants (except Washington Mutual) state in their response that they provided plaintiff with Rule 26 disclosures on April 16, 2004, but withheld documents protected by the attorney-client privilege, and that plaintiff is not otherwise entitled to discover information protected by the attorney-client privilege.  Washington Mutual responds with similar assertions.  I find that there are no grounds on which I could grant plaintiff the relief she requests because the remaining documents appear to be protected by the attorney-client privilege.  See Washington Mutual's Response to Plaintiff's Second Motion to Compel, exh. C.

15

Accordingly, the motion will be denied.

In her motion for extension of time and for stay of proceedings [doc. # 125], also filed October 20, 2005, plaintiff seeks an extension of time until an unspecified date "to secure her rights to full discovery."  Motion at 2.  The motion states that a stay is appropriate "for the plaintiff to retain her rights to develop her case . . . and complete discovery."  *Id.*  The discovery deadline in this case was October 20, 2005.  Plaintiff offers no explanation about the nature of the additional discovery, nor does she state how a stay of the proceedings would assist her.  The plaintiff's motion fails to set forth any "good cause" reason under Rule 16(b) to grant either an extension of time or a stay of proceedings.   This motion will also be denied.

 Accordingly, it is

**ORDERED** that the plaintiff's Second Motion to Compel, filed October 20, 2005 [doc. # 124] is **DENIED**. It is

**FURTHER ORDERED** that the plaintiff's Motion for Extension of Time and for Stay of Proceedings, filed October 20, 2005 [doc. # 125] is **DENIED**. It is further

**RECOMMENDED** that the Motion to Dismiss for Failure to Serve, filed on April 20, 2005 [doc. # 60] by defendants  Mr. Shapiro, Ernest J. Codilis, Jr., Toni M. N. Dale, Lynn M. Janeway, Kerry A. Campbell, and Mark Synan be **GRANTED and that the action be dismissed without prejudice as to those defendants**.  It is

**FURTHER RECOMMENDED** that the Motion for Summary Judgment, filed by defendants Meinhold, Stawiarski, Shapiro & Codilis (MSSC), Don H. Meinhold, and Leo E. Stawiarski on April 20, 2005 [doc. # 55] be **GRANTED and that summary judgment**

**enter in favor of those defendants on all claims in the complaint**.  It is

**FURTHER RECOMMENDED** that the plaintiff's motions for Rule 60(b) relief, filed

October 25 and 28, 2005 [docs. ## 128, 130, 131] be **DENIED**; and it is

**FURTHER RECOMMENDED**, *sua sponte*, to dismiss claims against the defendants

listed as "Duns 183810683 & Duns 131357068," and "20 John Does and Jane Does As

May Be Discovered."

If this Recommendation is accepted, the only defendant remaining in this action

would be Washington Mutual.

**Within ten days after being served with a copy of the proposed findings and**

**recommendation, any party may serve and file written objections to the proposed**

**findings and recommendation with the Clerk of the United States District Court for**

**the District of Colorado.  The district court judge shall make a de novo determination**

**of those portions of the proposed findings or specified recommendation to which**

**objection is made.  The district court judge may accept, reject, or modify, in whole**

**or in part, the proposed findings or recommendations made by the magistrate judge.**

**The judge may also receive further evidence or recommit the matter to the**

**magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation**

**may result in a waiver of the right to appeal from a judgment of the district court**

**based on the findings and recommendations of the magistrate judge.**

Dated this 17th day of November, 2005.

17

BY THE COURT:

 s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge