IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-02098-WDM-PAC

JEAN ANN NOLTE BRAUN,

    Plaintiff,

v.

MEINHOLD, STAWIARSKI, SHAPIRO & CODILIS, L.L.P.; Duns 183810683 & Duns 131357068; WASHINGTON MUTUAL; DON H. MEINHOLD, Esq.; LEO E. STAWIARSKI, Esq.; MR. SHAPIRO, Esq.; ERNEST J. CODILIS, Jr., Esq.; HOLLY L. DECKER, Esq.; TONI M.N. DALE, Esq.; LYNN M. JANEWAY, Esq.; KERRY A CAMPBELL, Paralegal; and MARK SYNAN, Paralegal; 20 John Does and Jane Does As May Be Discovered,[1]

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Patricia A. Coan, United States Magistrate Judge

Plaintiff's *pro se* claims arise out of foreclosure proceedings on her family home which began in June of 2002. Ms. Braun contends that Washington Mutual Bank violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692, *et seq.* and the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. (C.R.S.) §12-14-101, *et seq.* Plaintiff also seeks relief under the Colorado Uniform Consumer Credit Code, C.R.S. §5-1-101, *et seq.*

On March 5, 2004, this action was referred for pretrial case management and for

---

[1]The caption has not been amended, but the only remaining defendant in this action is Washington Mutual. See Order Adopting Report and Recommendations, Doc. # 166 (granting Meinhold, Stawiarski, Shapiro & Codilis LLP's Motion for Summary Judgment and dismissing plaintiff's claims against Defendant Meinhold, Stawiarski, Shapiro & Codilis LLP, and Meinhold and Stawiarski; dismissing without prejudice plaintiff's claims against Shapiro, Codilis, Dale, Janeway, Campbell and Synan for failure to effect service; and dismissing plaintiff's claims against the "duns" and John and Jane Does without prejudice).  Holly Decker was dismissed on February 8, 2006 [see doc. #169]

proposed rulings on dispositive motions. See Doc. # 9. The matter now before the court is Defendant Washington Mutual Bank's Motion for Summary Judgment with Incorporated Brief, filed on November 14, 2005 [doc. # 144]. Plaintiff has responded. The motion is ripe for disposition and I have determined that oral argument would not be of material assistance.

## I. Background

Plaintiff alleges ten claims. None of the claims contains any reference to specific dates or documents. Plaintiff asserts claims against "defendants" for: (1) violation of 15 U.S.C. § 1692d, for harassing and oppressing conduct by filing a false foreclosure after the property (plaintiff's family home) had already been sold; (2) violation of §692e(2)(A) and (B) for false and misleading representations with regard to the legal status of the debt and the compensation for services rendered by the debt collector for collection of the debt; (3) violation of § 1692e(8) for communication of false credit information to third parties; (4) violation of § 1692e(9) for falsely representing documents; (5) violation of § 1692e(10) for false representation to collect or attempt to collect a debt from plaintiff; (6) violation of § 1692e(13) for false representation that documents are legal process; (7) violation of § 1692g by threat of foreclosure during the debt validation request period; (8) violation of § 1692g(b) by failure to provide validation of the debt and continuing debt collection efforts after plaintiff had disputed the debt; (9) violation of §1692j for furnishing deceptive forms to the plaintiff; and (10) for defendants' attempt to collect a debt that had already been paid (no statutory section cited). See plaintiff's

complaint at 5-6.

Washington Mutual answered the complaint on April 18, 2005. Some of the issues raised in Washington Mutual's motion for summary judgment are the same as those previously raised by the other defendants in the previous dispositive motions. The same issues are: the statute of limitations under both debt collection practices acts, failure to establish a prima facie case under the FDCPA, CFDCPA or the Colorado Consumer Credit Code, and plaintiff's lack of entitlement to the damages and equitable relief she seeks. Recommended disposition of those four issues was addressed in my prior Recommendation, Doc. # 150, and adopted by the District Judge in his Order. See Doc. # 166.

## II. Summary Judgment Standard

Washington Mutual moves for summary judgment on four grounds: (1) the statute of limitations bars plaintiff's FDCPA and CFDCPA claims; (2) the Colorado Consumer Credit Code's statute of limitations bars plaintiff's claim under that statute; (3) the FDCPA and CFDCPA do not apply to Washington Mutual because it is not a "debt collector" or "collection agency" as respectively defined by those statutes; and (4) no equitable relief is permitted under the FDCPA.

Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, I view the evidence in the light most favorable to the non-movant. *Brown v. New Mexico State Personnel Office*, 399 F.3d 1248, 1253 (10th Cir. 2005); *Kingsford v. Salt*

*Lake City Sch. Dist.*, 247 F.3d 1123, 1128 (10th Cir.2001).  "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir.1997).

Plaintiff is *pro* se.  Accordingly, her pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted." *Id.*  The court will not construct legal theories which assume facts that have not been pleaded, *see Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), nor is the court obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### III. Analysis

A. Law of the Case Doctrine

The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Robbins v. Wilkie*, 433 F.3d 755, 764 (10th Cir. 2006), quoting *Arizona v. California*, 460 U.S. 605, 618 (1983).  The "law of the case" doctrine applies here because Washington Mutual presents the same issues of law in its motion as did the other defendants in their dispositive motions.  See *Robbins*, 433 F.3d at 764 n.2 (where the same facts and same issues were under consideration in both motions, law of the case applies).

Washington Mutual filed its motion for summary judgment on November 10, 2005, before the District Judge's January 3, 2006 order established the law of this case. In that January 3, 2006 Order, the District Judge held that the applicable statutes of limitations barred plaintiff's claims under the FDCPA, the CFDCPA and any claims under the Uniform Consumer Credit Code. See Order, Doc. # 166 at 2. Based on the law of this case, I recommend that Washington Mutual's motion for summary judgment be granted with regard to plaintiff's FDCPA, CFDCPA, and UCCC claims because they are barred by the applicable statutes of limitation.

B. Whether Washington Mutual Is a "Debt Collector" Under the FDCPA

Washington Mutual also moves for summary judgment on the FDCPA and CFDCPA claims, contending that it is not a "debt collector" as defined by either Act. I agree, and alternatively recommend dismissal of plaintiff's FDCPA and CFDCPA claims because the debt collection practices acts do not apply to Washington Mutual.

Congress enacted the FDCPA to combat "abusive, deceptive and unfair debt collection practices." 15 U.S.C. § 1692(a). The express purpose of the statute is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.* § 1692(e). "Because the FDCPA ... is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) (citations omitted). The CFDCPA contains language nearly identical to the FDCPA. See generally, definitions in Section 12-14-103, COLO. REV.

5

STAT. (2005).

The threshold requirement for application of the FDCPA is the existence of a "debt" within the meaning of the FDCPA. 15 U.S.C.A. §§ 1692 *et seq. Cook v. Hamrick*, 278 F. Supp. 2d 1202, 1204 (D. Colo. 2003) (internal citation omitted). Plaintiff here has not alleged that she owes a debt to Washington Mutual, nor that Washington Mutual is a debtor.

If a debt exists, then the FDCPA at 15 U.S.C. § 1692(j), applies to "debt collectors." A "debt collector" is defined as: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . ." 15 U.S.C. §1692(a)(6).

The Colorado Act is patterned on the FDCPA. See *Commercial Serv. of Perry, Inc. v. Fitzgerald*, 856 P.2d 58 (Colo.App.1993). The CFDCPA defines "debt collector" as ". . .any person employed or engaged by a collection agency to perform the collection of debts owed or due or asserted to be owed or due to another." Section 12-14-103(7), COLO. REV. STAT. (2005). Ms. Braun also has not alleged that Washington Mutual is a "debt collector", nor has she provided any evidentiary facts to support her conclusory allegation that Washington Mutual "may be" a "debt collector" under the FDCPA or the CFDCPA. See Complaint ¶ 7, at 3.

I recommend finding that Washington Mutual is a financial institution whose conduct as a creditor servicing a mortgage debt is excluded from the civil recovery

provisions in the FDCPA.  See *Acosta v. Campbell*, No. 6:04CV761ORL28DAB, 2006 WL 146208, at * 16 (M.D. Fla., January 18, 2006) citing *Beadle v. Haughey*, No. Civ.04-272-SM, 2005 WL 300060 at * 3 (D.N.H. Feb.9, 2005) ("it seems very well established that foreclosing on a mortgage does not constitute debt-collecting activity under the FDCPA").[2]

Further, under the CFDCPA, a "collection agency" does *not* include a person (or entity) not principally in the business of collecting debts, who acts as a collection agency for a related or affiliated person.  See Section 12-14-103(2)(B)(II), COLO. REV. STAT.  (2005).

Here, Washington Mutual asserted that it serviced the deed of trust securing the home loan on plaintiff's residence, see Washington Mutual's "Material Undisputed Facts",  MSJ, Doc. # 144 at 2, ¶4, and upon Ms. Braun's delinquency, referred her file to a law firm to begin foreclosure proceedings.  See *id.*, at 3, ¶7.  In her response, plaintiff did not refute defendant's statement of "undisputed" facts.  See Pl. Resp., Doc. #165.  Moreover, plaintiff has not provided any evidence to show that Washington Mutual was an assignee[3] debt collector nor any evidence to create a genuine issue of material fact about whether Washington Mutual's actions were anything but those of a mortgagor legally foreclosing on an defaulted mortgage.

---

[2] *See also Rosado v. Taylor*, 324 F.Supp.2d 917, 924 (N.D.Ind. 2004) (citing 15 U.S.C. § 1692a(6)(security enforcement activities (by financial institution servicing a mortgage debt) fall outside the scope of the FDCPA because they are not debt collection practices).

[3] An assignee of a mortgage debt may be subject to the Colorado Act if, as defined by interpretative case authority, it is "a company which takes an assignment of a debt in default, and is a business the principal purpose of which is to collect debts. . even if the assignment is permanent and without any further rights in the assignor." *Commercial Service of Perry*, 856 P.2d at 62.

Accordingly, I recommend finding that, while Washington Mutual is probably a "creditor" under the CFDCPA[4], plaintiff has not alleged any facts nor provided any evidence which would lead a reasonable fact finder to conclude that Washington Mutual is a "debt collector", an assignee of a debt, or a "collection agency" subject to the CFDCPA. Accordingly, I *alternatively* recommend that summary judgment enter in favor of Washington Mutual on all FDCPA and CFDCPA claims against it because Washington Mutual's actions are not covered by either Act.

C. Availability of Equitable Relief Under the FDCPA

Construing plaintiff's claims broadly, as I must under *Haines*, 404 U.S. at 520-521, I surmise that Ms. Braun requests equitable relief when she asks that "defendants be required to remove their false claim of foreclosure against Ms. Braun." See Complaint, ¶G at 8.

My review of the FDCPA reveals that the Act authorizes money damages in civil actions but does not refer to any additional equitable or injunctive relief. See 15 U.S.C. §1692k(a)(2)(A). I recommend finding that the clear Congressional intent was to preclude private litigants from obtaining forms of relief other than money damages. See *Weiss v. Regal Collections*, 385 F.3d 337, 341-42 (3rd Cir. 2004) (private litigant cannot obtain equitable relief under the FDCPA); *Washington v. CSC Credit Services, Inc.*, 199 F.3d 263, 268 n. 4 (5th Cir.) *cert. denied*, 530 U.S. 1261 (2000)(holding no

---

[4]Under the CFDCPA, "a '[c]reditor' means any person who offers or extends credit creating a debt or to which a debt is owed, but such term does not include any person to the extent such person *receives an assignment or transfer or a debt in default soley for the purpose of facilitating collection of such debt for another.*" Section 12-14-103(5),COLO.REV. STAT.(2005)(emphasis added).

8

private injunctive relief available under Fair Credit Reporting Act and collecting cases for identical holding with respect to the FDCPA).  Consequently, I recommend that the court may not deviate from the intent of Congress as expressed in the FDCPA.  See *Owner-Operator Independent Driver Ass'n, Inc. v. Usis*, 410 F.Supp.2d 1005, 1008 (D. Colo. 2005)("[w]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies")(quoting *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 458 (1974)).   Accordingly, I *alternatively* recommend finding that, because injunctive or equitable relief is not available under the FDCPA as a matter of law, summary judgment enter in favor of Washington Mutual on plaintiff's claim for equitable relief under the FDCPA.

### IV. Recommendations

For the reasons stated, it is

**RECOMMENDED** that Washington Mutual Bank's Motion for Summary Judgment. . .filed November 14, 2005 [doc. # 144] be GRANTED IN ITS ENTIRETY and that all claims against Washington Bank be **DISMISSED WITH PREJUDICE**.  It is

**FURTHER RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** in its entirety.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de**

**novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 19th day of August, 2006.

> BY THE COURT:
> s/ Patricia A. Coan
> PATRICIA A. COAN
> United States Magistrate Judge